IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALISSA DREGER,

    Plaintiff,

                        Case No. 2:20-cv-3814
                        Judge Michael H. Watson
    v.                        Magistrate Judge Elizabeth P. Deavers

KLS MARTIN, LP,

    Defendant.

## OPINION AND ORDER

This matter is before the Court to consider the Motion to Compel filed by Defendant KLS Martin, L.P. (ECF No. 41 as amended by ECF No. 44.) Plaintiff Alissa Dreger has filed a Response (ECF No. 45) and Defendant has filed a Reply (ECF No. 46). For the following reasons, the Motion to Compel (ECF No. 41) is **DENIED.**

## I.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parts to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately

filing a discovery motion. *Id.*

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps

the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"[T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)). This Court has previously held that "[t]hese factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting 'their original place in defining the scope of discovery'" because "'[r]estoring proportionality' is the touchstone of revised Rule 26(b)(1)'s

3

scope of discovery provisions." *Siriano*, 2015 WL 8259548, at *5 (citing Fed. R. Civ. P. 26(b)(1)). In analyzing the extent of the burden on the producing party, the Court of Appeals for the Sixth Circuit "has held that limiting the scope of discovery is appropriate when compliance 'would prove *unduly* burdensome,' not merely expensive or time-consuming." *Id.* (citing *Surles*, 474 F.3d at 305) (emphasis in original).

**II.**

This products liability action, filed on July 29, 2020, asserts claims for, *inter alia*, manufacturing defect, design defect, failure to warn, and failure to conform to representation. (ECF No. 1.) These claims arise from two surgical procedures in which a rib plate and associated screws (collectively, "the rib plate" or "the device") sold by Defendant were implanted into and explanted from Plaintiff. Plaintiff underwent these surgical procedures in July and August 2019, respectively, at The Ohio State University Wexner Medical Center ("OSU-Wexner").

Shortly after the rib plate was explanted, Plaintiff retained counsel who set about retrieving the device from OSU-Wexner. Declaration of Richard M. Martin, Jr., Esq. ("Martin Decl.") (ECF No. 45-3 at ¶¶ 12 ,13.) Ultimately, OSU-Wexner shipped the device to Plaintiff's counsel "via FedEx following a strict chain of custody protocol." *Id*. at ¶ 14. Plaintiff disclosed her possession of the device in her initial disclosures served on December 22, 2020. *See* Plaintiff Alissa Dreger's Initial Disclosures. (ECF No. 45-1 at ¶ B.5.) Defendant does not dispute that it was timely served with Plaintiff's initial disclosures. (ECF No. 46 at 18.)

Defendant served its discovery requests on November 14, 2021, but did not include a formal discovery request pursuant to Rule 34 relating to the rib plate. Based on Defendant's informal request, however, Plaintiff proposed conditions for inspection. (ECF No. 41-1 at 4-5.) These

4

conditions included: no tension or compression; no horizontal or linear bending; no striking; no pulling; no torsion; no shearing/cutting; no drilling; no contraction; no heating or cooling; no chemical etching; no laser; no use of fixtures (e.g., vises, clamps, etc.); inspection to occur in the continental United States; inspection protocol to be divulged to Plaintiff's counsel beforehand; prompt return of the failed rib plate to Plaintiff's counsel as soon as KLS's expert has finished examining it; and KLS to produce its expert for deposition in Columbus, Ohio at the expert's or KLS's expense. (*Id.*) As confirmed by its motion, Defendant objects only to the last five proposed stipulations. (ECF No. 44-1 at n.3.) Accordingly, only those proposed stipulations are at issue for purposes of the current motion to compel.

### III.

The gist of Defendant's argument is that it has a legal right to immediate and permanent possession of the rib plate and that, without such possession, it cannot comply with certain FDA regulations. This argument does not warrant significant discussion. In short, Defendant cites no authority that permits the Court, in the context of a motion to compel, to award Defendant permanent possession of an item in Plaintiff's possession. To the extent that Defendant objects to OSU-Wexner's delivery of the device to Plaintiff, the matter of OSU-Wexner's alleged conduct in connection with the device is not before this Court. Moreover, Defendant readily acknowledges that, under FDA regulations, OSU-Wexner has no obligation to return the device to Defendant. ECF No. 44 at 7 ("the FDA 'strongly encourage[s]' device use facilities, such as Plaintiff's healthcare provider facility, to return explanted medical devices to the device manufacturer for analysis and evaluation"); *see also* ECF No. 46 at 8. Beyond this, despite the insistence with which Defendant claims that applicable regulations require that the device be returned to Defendant, Defendant also recognizes that its obligations under those very

regulations are limited to using good faith efforts to recover the device, evaluating it, and conducting supplemental reporting to the FDA.[1]  (ECF No. 46 at 8.)

At bottom, Defendant is making a Rule 34 request.  For purposes of moving this case along, the Court will construe the request as formally having been made.  However, under the circumstances here, this is not a sufficient basis upon which to fully consider Defendant's motion to compel.  First, prior to filing, Defendant did not timely seek a discovery conference with the Court.  To the extent it belatedly seeks one now through its Reply, that request is **DENIED**.  Further, the Court is not persuaded that all extrajudicial means for resolution have been exhausted and finds that further discussion, aided by the guidance provided herein, is appropriate.  Accordingly, given this procedural posture, the motion to compel is **DENIED**.

---

[1] Defendant's obligations are set forth in 21 C.F.R. § 803.50 which provides:

(a) If you are a manufacturer, you must report to us the information required by § 803.52 in accordance with the requirements of § 803.12(a), no later than 30 calendar days after the day that you receive or otherwise become aware of information, from any source, that reasonably suggests that a device that you market:
(1) May have caused or contributed to a death or serious injury or
(2) Has malfunctioned and this device or a similar device that you market would be likely to cause or contribute to a death or serious injury, if the malfunction were to recur.
(b) What information does FDA consider "reasonably known" to me?
(1) You must submit all information required in this subpart E that is reasonably known to you. We consider the following information to be reasonably known to you:
(i) Any information that you can obtain by contacting a user facility, importer, or other initial reporter;
(ii) Any information in your possession; or
(iii) Any information that you can obtain by analysis, testing, or other evaluation of the device.
(2) You are responsible for obtaining and submitting to us information that is incomplete or missing from reports submitted by user facilities, importers, and other initial reporters.
(3) You are also responsible for conducting an investigation of each event and evaluating the cause of the event. If you cannot submit complete information on a report, you must provide a statement explaining why this information was incomplete and the steps you took to obtain the information. If you later obtain any required information that was not available at the time you filed your initial report, you must submit this information in a supplemental report under § 803.56 in accordance with the requirements of § 803.12(a).

However, the Court **DIRECTS** the parties to meet and confer **WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION AND ORDER** regarding the proposed conditions that appear to remain at issue.  (*i.e.*, no use of fixtures (*e.g.,* vises, clamps, etc.); inspection to occur in the continental United States; inspection protocol to be divulged to Plaintiff's counsel beforehand; prompt return of the failed rib plate to Plaintiff's counsel as soon as KLS's expert has finished examining it; and KLS to produce its expert for deposition in Columbus, Ohio at the expert's or KLS's expense.)  If issues remain following the meet and confer, either party must request a conference with the Court **PRIOR** to filing any further discovery-related motions.  A filing party's failure to request a conference prior to filing such a motion will result in the summary denial of the motion.

This brings the Court to the issue of Plaintiff's request for sanctions.  In support of this request, Plaintiff contends that Defendant's motion to compel cannot be considered substantially justified.  Aside from the procedural and legal deficiencies discussed above, Plaintiff takes particular issue with what it views as Defendant's unwarranted and speculative accusations regarding her conduct or that of her counsel.  Defendant, of course, has its own view.  Without recounting the back-and-forth set out in the parties' briefing, the Court acknowledges Plaintiff's concerns.  As the Court's analysis of the issues here suggests, there is some merit to Plaintiff's perspective.  Nevertheless, given the Court's resolution of the current motion, the Court finds that an award of sanctions at this time would be unjust.  Accordingly, at this juncture, Plaintiff's request is **DENIED without prejudice** to the Court's consideration of a renewed motion for sanctions as circumstances may warrant.

**IV.**

Defendant's Motion to Compel (ECF No. 41 as amended by ECF No. 44) is **DENIED**. The parties are **DIRECTED** to meet and confer **WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION AND ORDER** regarding the proposed conditions that appear to remain at issue.  (*i.e.*, no use of fixtures (*e.g.,* vises, clamps, etc.); inspection to occur in the continental United States; inspection protocol to be divulged to Plaintiff's counsel beforehand; prompt return of the failed rib plate to Plaintiff's counsel as soon as KLS's expert has finished examining it; and KLS to produce its expert for deposition in Columbus, Ohio at the expert's or KLS's expense.)  If issues remain following the meet and confer, either party must request a conference with the Court **PRIOR** to filing any further discovery-related motions.  A filing party's failure to request a conference prior to filing such a motion will result in the summary denial of the motion.  Defendant's requests for a conference and for oral argument are **DENIED.**  Plaintiff's request for sanctions is **DENIED without prejudice.**

   **IT IS SO ORDERED.**


Date:  April 11, 2022                           /s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE